951 F.2d 1262
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leona WOODS, Plaintiff-Appellant,
v.
AT & T INFORMATION SYSTEMS, INC., a corporation; N.R.
Madhok, individually, Defendants-Appellees.
 No. 90-6090.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1991.
 
 Before McKAY, Chief Judge, LOGAN, Circuit Judge, and WINDER[1], District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 Appellant Leona Woods appeals several pretrial and trial rulings made by the district court during the course of Appellant's sex and age discrimination suit. We have reviewed Appellant's arguments and find them unpersuasive.
 
 
 2
 Appellant challenges the district court's denial of her motion seeking enforcement of a court order compelling discovery ("motion to enforce"). Appellant and her counsel also challenge the district court's assessment of attorney's fees and Rule 11 sanctions against Appellant's counsel in connection with that motion. In addition, Appellant claims the district court erred in denying her motion to amend her witness list and in excluding proposed expert testimony at trial. Finally, Appellant contends the Civil Rights Act proposed by Congress in 1990 requires us to set aside the judgment below so that certain provisions of the proposed legislation can be used to establish the respective burdens of proof in her case.
 
 
 3
 Appellant brought suit against Appellees AT & T Information Systems, Inc., and N.R. Madhok claiming age and sex discrimination with respect to her former employment with AT & T. During the discovery phase of the litigation, the district court ordered Appellees to respond to certain discovery requests. Appellees complied with the order. Appellant's counsel deemed the response insufficient. Instead of conferring with Appellees' counsel as required by Local Rule 14(E), however, Appellant's counsel filed a motion seeking enforcement of the court order. The district court found that a Local Rule 14(E) conference would have obviated, in large part, the need for the motion to enforce and, thus, concluded the motion was unjustified. Accordingly, the district court denied the motion and awarded Appellees attorney's fees as prevailing parties pursuant to Rule 37(a)(4). Appellant's counsel was ordered to pay these fees personally.
 
 
 4
 The district court further found that Appellant's motion to enforce contained unfounded accusations of deliberate misconduct on the part of Appellees or their counsel. Accordingly, the district court concluded that Appellant's counsel had violated Rule 11 by signing and filing a pleading containing statements unsupported by fact. The district court sanctioned Appellant's counsel with a written admonishment and sent notice of the sanction to other judges sitting in the Western District of Oklahoma.
 
 
 5
 Appellant claims the district court erred in denying her motion to enforce. Appellant apparently hinges her argument on the unfounded contention that because certain recordkeeping regulations promulgated by the Equal Employment Opportunity Commission require Appellees to maintain some of the information sought, the district court was required to grant the motion. We find this unsupported argument meritless.
 
 
 6
 Appellant also contends the district court failed to assess the sufficiency of Appellees' discovery response before denying Appellant's motion to enforce. The record simply does not support, however, the conclusion that the district court failed to evaluate the sufficiency of Appellees' response. In any event, the district court's denial of Appellant's motion was based on the failure of Appellant's counsel to comply with Local Rule 14(E) and not on the sufficiency of Appellees' response. Appellant asserts compliance with 14(E) would have been futile and, therefore, was not required. This assumption is likewise unsupported by the record.
 
 
 7
 The district court has broad discretion to the control of discovery, and rulings will not be set aside short of an abuse of discretion. Shaklee Corp. v. Gunnell, 748 F.2d 548, 550 (10th Cir.1984). We are satisfied the district court acted within its discretion in determining Appellant's motion to enforce was unjustified. Thus, we affirm the district court's ruling. Accordingly, we also affirm the district court's award of attorney's fees to Appellees pursuant to Rule 37(a)(4).
 
 
 8
 Appellant further asserts the district court erred in refusing her leave to amend her witness list. Appellant apparently claims the need for the amendment stemmed directly from Appellees' insufficient discovery response and from the district court's denial of her motion to enforce. In light of our affirmance of the district court's denial of the motion to enforce, we find this contention meritless and affirm.
 
 
 9
 We likewise affirm the district court's imposition of a Rule 11 sanction in this case. We apply an abuse of discretion standard to all aspects of the district court's Rule 11 determination. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2454 (1990). We conclude that the decision to sanction Appellant's counsel was within the district court's discretion. This is especially true in light of the leniency of the sanction.
 
 
 10
 Appellant also claims the district court erred in excluding the proposed expert testimony of Dr. Skoog at trial. The district court excluded Dr. Skoog's proposed testimony after determining the testimony would be unhelpful to the jury. The decision to admit or exclude evidence is within the sound discretion of the district court and reviewable only for an abuse of discretion. Boren v. Sable, 887 F.2d 1032, 1033 (10th Cir.1989). We affirm the exclusion of Dr. Skoog's testimony as a proper exercise of the district court's discretion.
 
 
 11
 Finally, Appellant asserts that the proposed Civil Rights Act of 1990 requires us to set aside the judgment below so that the Act's burden of proof provisions may be applied to her case. We need not address this argument. The Act never became law.
 
 
 12
 We have thoroughly reviewed the briefs and the record and find no error. Therefore, we AFFIRM.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation